# Commonwealth *v.* Baltimore & Ohio Railroad Company, Appellant.

*Criminal law—Nuisance—Railroads—Movements of trains—Obstruction of highway—Indictment—Bill of particulars.*

1. An indictment charging a railroad company with the frequent and rapid passing and repassing of its trains over a highway, whereby the same was obstructed and rendered dangerous, charges no offense either under the statute law of Pennsylvania, or at common law.

2. With the statutory permission given to railroad companies to cross public highways with their tracks, there necessarily goes the right to frequently cross them, if the needs of the public for whom railroad companies are incorporated require the frequent movement of trains; and this is so of their speed.

3. If a railroad company habitually runs its trains over a highway crossing at an unreasonable and unsafe rate of speed without giving reasonable and proper signals of their approach for the protection of life and property, it may be indicted for committing a public nuisance; but all the matters necessary to show the illegality of the company's action must be stated in the indictment. A bill of particulars cannot take the place of what must affirmatively appear on the face of the indictment.

24 COMMONWEALTH *v.* B. & O. R. R. CO., Appellant.

*Criminal law—Indictment—Bill of particulars.*

4. A bill of particulars is never a remedy for an indictment so defective that it charges no offense.

Argued Oct. 16, 1908. Appeal, No. 89, Oct. T., 1908, by defendant, from judgment of Superior Court, April T., 1908, No. 108, affirming judgment of Q. S. Washington Co., Aug. T., 1907, No. 231, on verdict of guilty in case of Commonwealth v. The Baltimore & Ohio Railroad Company, alias The Wheeling, Pittsburg & Baltimore Railroad Company. Before Mitchell, C. J., Fell, Brown, Mestrezat, Elkin and Stewart, JJ. Reversed.

Appeal from judgment of Superior Court. See 35 Pa. Superior Ct. 474.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the judgment of the Superior Court.

*Norman E. Clark,* with him *Winfield McIlvaine,* for appellant.—We contend:

1. That the indictment only charges that the appellant maintained its track across this highway and frequently and rapidly passed and repassed its trains over the same.

That under its charter rights, in the act of assembly, it has full authority to so maintain its track and pass its trains over the same and under the law as laid down in Penna. R. R. Co.'s Case, 213 Pa. 373, the court has no power to control the speed of its trains. Therefore the indictment does not charge any crime under the law, and this conviction cannot be sustained.

2. That in attempting to charge a nuisance, this indictment only charges what the appellant has a legal right to do under the law and does not state or describe in what manner the appellant has unlawfully exercised that right.

Where an indictment undertakes to charge a nuisance in respect to an act which is lawful in itself, it must set forth the facts and circumstances which make it unlawful, 1 Wharton's Indictments, 23; Woods on Nuisances, sec. 854, in such a way

as to enable the defendant to know the nature of the crime alleged, and plead the judgment in bar of a subsequent prosecution, Seifried v. Com., 101 Pa. 200, or the court to impose the sentence required by law in such a way as to make known to the defendant what it has to do in order to comply with the same: Clark's Crim. Proc. 150; Sadler's Crim. Proc., sec. 211.

*C. L. V. Acheson,* district attorney, with him *T. H. W. Fergus,* assistant district attorney, and *Owen C. Underwood,* for appellee.—While it is true that the defendant company is authorized to construct and maintain its road over and across public highways and to pass its trains over the same, it is equally true that it cannot do so to the nuisance of the public: Penna. R. R. Co. v. Belt Line R. R. Co., 29 W. N. C. 202; Penna. R. R. Co.'s Case, 213 Pa. 373; Com. v. Penna. R. R. Co., 117 Pa. 637; Northern Cent. Ry. Co. v. Com., 90 Pa. 300; Com. v. New Bethlehem Boro., 15 Pa. Superior Ct. 158; State v. Railroad Co., 23 N. J. 360; Caldwell's Case, 1 Dall. 150; Com. v. Milliman, 13 S. & R. 403; Cincinnati R. R. Co. v. Com., 80 Ky. 137; Louisville, etc., R. R. Co. v. Com., 80 Ky. 143; Rex v. Russell, 6 East, 427; People v. Cunningham, 1 Denio, 524; Rex v. Jones, 3 Camp. 230; Bush v. Steinman, 1 Bos. & Pul. 404.

OPINION BY MR. JUSTICE BROWN, January 4, 1909:

The appellant was convicted in the court of quarter sessions of Washington county on a common-law indictment charging it with maintaining a nuisance. A motion to quash, on the ground that no crime was charged in the indictment, was overruled, as was a motion in arrest of judgment based on the same reason. The lower court was sustained by the Superior Court: 35 Pa. Superior Ct. 474; and the narrow question passed upon by each of them is now before us.

The indictment charges that the defendant unlawfully kept and maintained a railroad track and way across a public highway, "and did use the said track and way for the frequent passing and repassing of trains, whereby the use of the said road, street and public highway was and continues to be dangerous, obstructed and straitened, so that the good citizens of

this commonwealth could not and have not been able since to pass and repass upon and use the said public highway as they ought and of right should and were wont and accustomed to do." There is no averment that the appellant, in laying its track across the highway, .created any obstruction, and the case does not belong to the class in which railroad companies have been held guilty of maintaining nuisances because they placed actual obstructions on the highways in constructing their tracks across them: Northern Central Ry. Co. v. Commonwealth, 90 Pa. 300; Commonwealth v. Northern Central Ry. Co., 7 Pa. Superior Ct. 234. The learned judge of the Superior Court properly said that it is not the existence of the track on the highway that is complained of, but the alleged unlawful use of it.

Boiled down, the substance of what is charged in the indictment to be the offense of the appellant is the frequent and rapid passing and repassing of its trains over the highway, whereby the same was obstructed and rendered dangerous. Nothing more is to be found in the indictment, and counsel for the commonwealth frankly so admit, for their statement of the question involved is, "Can a railroad company be indicted and convicted under the common law for maintaining a nuisance at a grade crossing, arising from the manner of operating its trains, where no permanent physical obstruction of the highway is occasioned by the construction of its roadbed?" The question for determination, then, is not one of the sufficiency of the indictment under the Act of March 31, 1860, P. L. 427, which provides that every indictment shall be deemed and adjudged sufficient and good in law, which charges the crime substantially in the language of the act of assembly prohibiting the crime, or, if at common law, so plainly that the nature of the offense charged may be easily understood by the jury, but is whether any offense at all is charged. The court below was of opinion—concurred in by the Superior Court—that if the defendant was dissatisfied with the sufficiency of the indictment, its remedy was an application for a bill of particulars. This is never a remedy for an indictment so defective that it charges no offense: 1 Bishop's New Criminal Procedure, sec. 646.

A bill of particulars cannot give life to what was dead when it left the grand jury. By this indictment the commonwealth charges a nuisance arising from the frequent and rapid passing and repassing of the trains of the appellant over a public road or street—acts which are entirely lawful in themselves. If, in the exercise of an undoubted franchise, the railroad company so exercises it as to commit a public nuisance, its offense is the improper exercise of its franchise, which must be set forth and described in the indictment as the substantive offense. Where an act is not in itself necessarily unlawful or a nuisance, but becomes so by its peculiar circumstances and relations, all the matters necessary to show its illegality must be stated in the indictment: Clark's Criminal Procedure, 155. A bill of particulars, prepared by a district attorney, can never take the place of what must affirmatively appear on the face of an indictment to which the accused must plead.

The passing and repassing of appellant's trains over the highway are not complained of, and it is not even averred that they are allowed to cross it negligently. The frequent and rapid passing, without more, is the sole offense charged. Railroad companies may not habitually run their trains over highway crossings at an unreasonable and unsafe rate of speed without giving reasonable and proper signals of their approach for the protection of life and property. If they fail in the discharge of this duty, they are liable to indictment for nuisance: Wood's Law of Nuisances, 74; Louisville, Cincinnati & Lexington Railroad Co. v. Commonwealth, 80 Ky. 143. But there is no such allegation here, and without it there is no essence in the offense charged.

With the statutory permission given to railroad companies to cross public highways with their tracks there necessarily goes the right to frequently cross them, if the needs of the public, for whom railroad companies are incorporated, require the frequent movement of trains; and this is so of their speed. The indictment charges that the highway is obstructed by the rapid passing of trains. Slow passing would obstruct it more. But we need not dwell upon this, for the "very purpose of locomotion by steam upon railways is the accomplishment of a

high rate of speed in the movement of passengers and freight. It is authorized by law:" Reading & Columbia R. R. Co. v. Ritchie, 102 Pa. 425. In the exercise of this lawful right a railroad company is under a constant duty to protect life and property by the proper regulation of the speed of its trains at danger points or by giving, without regard to their speed, reasonable and proper notice of their approach. Its failure to do so is not, however, presumed even in civil actions, but must be averred and proved, and when the criminal process of the commonwealth is invoked against it, this is still truer, for in all criminal prosecutions the presumption is always in favor of innocence and that no public duty was neglected. For neglect of such a duty in connection with the passing and repassing of its trains over the public highway this appellant might have been indicted, and an indictment containing the charge properly laid would be sufficient to support a conviction. No such neglect is here charged, but, instead, the appellant was indicted for what it lawfully had the right to do. As no crime was charged against it, the judgment on the verdict cannot stand. That judgment is that the appellant "abate the nuisance charged in the indictment." Upon the failure of a defendant to abate a nuisance after having been sentenced to do so, a writ will be directed to the sheriff, commanding him to abate it: Taggart v. Commonwealth, 21 Pa. 527; Barclay v. Commonwealth, 25 Pa. 503. If this defendant continues to run its cars frequently and rapidly across the highway and the judgment against it is to stand, is the high sheriff of Washington county to prepare a schedule regulating the frequency of the passing of the trains and their rate of speed at the crossing and take his stand there to see that his regulation is enforced? In no other way could he execute the sentence of the court, if commanded to do so, and yet this is the situation that might actually arise if the contention of the commonwealth should prevail, that the defendant has been convicted of a nuisance.

The judgment of the Superior Court, as well as that of the court below, is reversed.