FOSTER et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 28, 1918.)

No. 3157.

1. INDICTMENT AND INFORMATION ⬥⟶59—RIGHT OF DEFENDANTS TO BE IN-
    FORMED OF NATURE OF ACCUSATION.
        Defendants, charged with crime, have a constitutional right to be in-
    formed of the nature and cause of the accusation against them.
2. INDICTMENT AND INFORMATION ⬥⟶110(4)—SUFFICIENCY—LANGUAGE OF
    STATUTE.
        An indictment charging that defendants, in violation of the Espionage
    Act, conveyed false reports, with intent to interfere with the success of
    the military and naval forces of the United States, etc., but which did
    not specify the reports, or to whom they were made, but merely followed
    the language of the statute, held insufficient; the statute itself being
    general.
3. INDICTMENT AND INFORMATION ⬥⟶121(1)—BILL OF PARTICULARS.
        A bill of particulars may be ordered by the court, in its discretion, in
    cases where the indictment, while so expressed as to be good on de-
    murrer, does not furnish defendant with all information he is entitled
    to have before being compelled to go to trial.
4. INDICTMENT AND INFORMATION ⬥⟶121(4)—BILL OF PARTICULARS.
        A bill of particulars, not having been made by a grand jury on oath,
    cannot cure the failure of the indictment to sufficiently inform defendant
    of the charge against him, for it is no part of the record, and is not sub-
    ject to demurrer.

In Error to the District Court of the United States for the South-
ern Division of the Western District of Washington; Edward E.
Cushman, Judge.

Leonard Foster and others were convicted of violating the Espion-
age Act (Act June 15, 1917, c. 30, 40 Stat. 217), and they bring error.
Reversed and remanded, with instructions to sustain demurrer to in-
dictment.

The plaintiffs in error were civilian employés for a contractor who was
doing work at the Camp Lewis cantonment. They were indictment in six
counts, three of which charged offenses committed on November 10, 1917, and
the others charged offenses committed on November 13, 1917. The first
count charges that on November 10, 1917, at Camp Lewis, Wash., when the
United States was at war with Germany, the accused "did willfully, knowing-
ly, unlawfully, and feloniously make and convey false reports and false state-
ments with intent to interfere with the operation and success of the military
and naval forces of the United States, and to promote the success of its
enemies, contrary to the form of the statute in such case made and provided,
and against the peace and dignity of the United States of America." The
second count charged, in the language of the statute, that the accused "did
willfully, knowingly, unlawfully, and feloniously cause and attempt to cause
insubordination, disloyalty, mutiny, and refusal of duty in the military forces
of the United States, to the injury of the service of the United States"; and
the third count charged that they "did unlawfully, willfully, knowingly, and
feloniously obstruct the recruiting and enlistment service of the United States,
to the injury of the service of the United States." The fourth, fifth, and
sixth counts were framed as were the first, second, and third.

A demurrer was interposed to the indictment, and to each count thereof, on
the ground that no offense or crime was charged therein against the laws of

the United States. The demurrer was overruled, but the court directed that a bill of particulars be furnished. The order was complied with, and a bill of particulars was furnished, stating that the seven defendants were singled out as leaders spreading propaganda against the United States, that they were searched, and I. W. W. cards and papers were taken from their persons; that they carried on I. W. W. activities, working toward the spreading of dissatisfaction among the soldiers and laborers whom they got to listen to their arguments. Then followed the specification of statements made by the defendant Hodges on November 10th to a named person, and statements made by the defendants Foster and Hodges on November 13th in the sleeping quarters occupied by the defendants at Camp Lewis. There was no mention made in the bill of particulars of the activities of the other defendants, except that it was alleged that one of them, who was not named, made certain disloyal and hostile statements as to the government, and another passed around I. W. W. literature. No exception was taken to the bill of particulars as insufficient, and the cause went to trial without further objection. But objection was made to the introduction of evidence against the defendants not named in the bill of particulars, to the overruling of which an exception was allowed.

By the verdict of the jury all of the plaintiffs in error were found guilty as charged in the first count; Phelan and Hodges were found guilty as charged in the second, third, fifth, and sixth counts; and Phelan, Hodges, and Foster were found guilty as charged in the fourth count.

H. E. Foster, of Seattle, Wash., for plaintiffs in error.

Clarence L. Reames, Sp. Asst. Atty. Gen., and Robert C. Saunders, U. S. Atty., of Seattle, Wash., for the United States.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] We are of the opinion that the indictment is fatally defective and that the demurrer should have been sustained. The plaintiffs in error had the constitutional right to be informed of the nature and cause of the accusation against them. To furnish them with that information it was necessary to set forth in the indictment the particular facts and circumstances which rendered them guilty and to make specific that which the statute states in general. A statutory offense may be so defined that the indictment will sufficiently charge the violation thereof if it follows the language of the statute, but this is so only in cases where the statute apprises the offender from the mere adoption of the statutory terms of the precise nature of the offense for which he is to be tried. Here the statute is very general in its terms, and the indictment merely charges in the language of the statute. Thus in the first count it goes no further than to allege that the accused did willfully, knowingly, unlawfully, and feloniously make and convey false reports and false statements, with intent to interfere with the operation and success of the military and naval forces of the United States, and to promote the success of its enemies. It conveyed no information to the accused of what the reports were, wherein they were false, nor to whom they were made. It is as bare of information as to the nature of their offense as would have been an indictment charging that at a designated time and place they "committed larceny."

In United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819, it was said:

"Where the offense is purely statutory, having no relation to the common law, it is, 'as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter.' 1 Bish. Crim. Proc. § 611, and authorities there cited. But to this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defense, and plead the judgment as a bar to any subsequent prosecution for the same offense. An indictment not so framed is defective, although it may follow the language of the statute."

That rule was reaffirmed in substance in United States v. Carll, 105 U. S. 611, 26 L. Ed. 1135, and in United States v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516, where the court said:

"The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent, and these must be set forth in the indictment with reasonable particularity of time, place, and circumstances."

That doctrine was applied in Keck v. United States, 172 U. S. 434, 19 Sup. Ct. 254, 43 L. Ed. 505, and in Armour Packing Co. v. United States, 209 U. S. 58, 83, 28 Sup. Ct. 428, 52 L. Ed. 681, where the court said:

"And it is true it is not always sufficient to charge statutory offenses in the language of the statutes, and, where the offense includes generic terms, it is not sufficient that the indictment charge the offense in the same generic terms, but it must state the particulars."

This court, in Peters v. United States, 94 Fed. 127, 36 C. C. A. 105, said:

"Every indictment should charge the crime, which is alleged to have been committed, with precision and certainty, and every ingredient thereof should be accurately and clearly stated; but where the offense is purely statutory, and the words of the statute fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished, it is sufficient to charge the defendant in the indictment with the acts coming fully within the statutory description, in the substantial words of the statute. * * * The true test of the sufficiency of an indictment is not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprised the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."

Of similar import are Ackley v. United States, 200 Fed. 217, 118 C. C. A. 403; Martin v. United States, 168 Fed. 198, 93 C. C. A. 484; Knauer v. United States, 237 Fed. 8, 150 C. C. A. 210; United States v. Bopp (D. C.) 230 Fed. 723.

[3, 4] The bill of particulars could not avail to cure the defect of the indictment. A bill of particulars may be ordered by the court in

its discretion in cases where the indictment, while so expressed as to be good on demurrer, still does not furnish the defendant all the information he is entitled to have before being compelled to go to trial. It does nòt constitute a part of the record, and it is not subject to demurrer. Commonwealth v. Davis, 11 Pick. (Mass.) 432. Not having been made by a grand jury on oath, it cannot cure the omission ·of material averments from an indictment, and it cannot "give life to what was dead when it left the grand jury." Commonwealth v. Baltimore & O. R. R. Co., 223 Pa. 23, 72 Atl. 278, 132 Am.. St. Rep. 723; Floren v. United States, 186 Fed. 961, 108 C. C. A. 577; United States v. Bayaud (C. C.) 16 Fed. 376. In United States v. Tubbs (D. C.) 94 Fed. 356, Judge Carland said:

"It is because the indictment is good as against a general demurrer that the defendant is compelled to resort to a motion for a bill of particulars. If it is bad, he has his remedy by demurrer or motion in arrest."

The judgment is reversed, and the cause is remanded, with instructions to sustain the demurrer.