## UNITED STATES v. BERGER et al.

(District Court, W. D. Pennsylvania. October 27, 1925.)

### Nos. 378, 379.

1. **Indictment and information ⬥63—Information charging possession of liquor in violation of National Prohibition Act held not to charge public offense.**

   Information charging that defendants had and possessed intoxicating liquors in violation of National Prohibition Act, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa), *held* not to charge an offense, but merely to state conclusion of pleader, especially since possession of liquor under certain circumstances is lawful.

2. **Indictment and information ⬥63—Intoxicating liquors ⬥211—Charge of possessing liquor should aver facts showing illegal possession, and pleader's conclusion alone is insufficient.**

   An information, in prosecution for possessing intoxicating liquors, must aver some fact or facts showing that alleged possession was accompanied by such a purpose or intent, or was under such circumstances, as to render possession a violation of law, and absence of such averments is not cured by conclusion of pleader.

Charles Berger and another were convicted of unlawful possession of intoxicating liquor and file motions in arrest of judgment. Motions sustained.

John M. Henry and Benjamin Diamond, both of Pittsburgh, Pa., for defendants.

THOMSON, District Judge. Both of the defendants in this case were convicted on the count charging unlawful possession. Charles Berger was acquitted on two other counts in the information against him. The possession count in each information is the same, and relates to the possession of the same goods described alike in each information. Before the trial was commenced, and before the pleas of not guilty were entered, counsel for defendants moved to quash the informations for the reasons following: .

"(1) Said informations do not set forth an offense against the laws of the United States which sufficiently informs the defendant of the offense charged, in order that he may properly prepare a defense to the same.

"(2) A plea of autrefois acquit or autrefois convict could not be pleaded to the count set forth in said information."

When the motions were made, the trial judge stated orally that he had very grave doubts as to the validity of the possession counts, but overruled the motion to quash, giving the defendants a right to move in arrest of judgment in case of conviction. In due time the defendants filed motions in arrest of judgment in each case, assigning, among others, the reasons set forth in the motion to quash, and the further reason that liquor offered in evidence was taken from the residence of defendants on an invalid search warrant, in violation of their constitutional rights.

Each information charges that on "the 26th day of September, A. D. 1924, at Pittsburgh, in the county of Allegheny, in said Western district of Pennsylvania, and within the jurisdiction of this court, did willfully and unlawfully have and possess intoxicating liquor containing more than one-half of 1 per centum of alcohol by volume, which was fit for use for beverage purposes, to wit, four (4) cases of whisky, one (1) barrel containing about 50 bottles of Canadian Club beer, two (2) one-pint bottles of whisky, two (2) bottles of gin, and two (2) pint bottles half full of whisky, in violation of the provisions of section 3 of title II of the National Prohibition Act" (Comp. St. Ann. Supp. 1923, § 10138½aa). In the case of United States v. William C. Illig, 288 F. 939, information No. 425, November term, 1920, I had occasion to consider at length the information alleged to be defective by reason of generality and failing to specify particularly the acts constituting the alleged violation, and in that case I held the information defective, including the count or counts for alleged unlawful possession. In order that my reasoning there may become a part of the record here, I quote from that decision:

"Under the Sixth Amendment to the

Constitution, it is a fundamental requisite in a criminal prosecution that the accused shall 'be informed of the nature and cause of the accusation.' This not only in order that he may be enabled to properly prepare his defense, but also that the crime may be so definitely defined that the accused may thereafter be protected from prosecution on the same charge by plea of former acquittal or conviction. In Evans v. U. S., 153 U. S. 587, 14 S. Ct. 936, 38 L. Ed. 830, in considering the sufficiency of an indictment, the court said:

"'A rule of criminal pleading, which at one time obtained in some of the circuits, and perhaps received a qualified sanction from this court in United States v. Mills, 7 Pet. 138 [8 L. Ed. 636], that an indictment for a statutory misdemeanor is sufficient, if the offense be charged in the words of the statute, must, under more recent decisions, be limited to cases where the words of the statute themselves, as was said by this court in United States v. Carll, 105 U. S. 611, 612 [26 L. Ed. 1135], "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." The crime must be charged with precision and certainty, and every ingredient of which it is composed must be accurately and clearly alleged. United States v. Cook, 17 Wall. 168, 174 [21 L. Ed. 538]; United States v. Cruikshank, 92 U. S. 542, 558 [23 L. Ed. 588]. "The fact that the statute in question, read in the light of the common law, and of other statutes on the like matter, enables the court to infer the intent of the legislature, does not dispense with the necessity of alleging in the indictment all the facts necessary to bring the case within that intent." United States v. Carll, 105 U. S. 611 [26 L. Ed. 1135]. Even in cases of misdemeanors, the indictment must be free from all ambiguity, and leave no doubt in the minds of the accused and the court of the exact offense intended to be charged, not only that the former may know what he is called upon to meet, but that, upon a plea of former acquittal or conviction, the record may show with accuracy the exact offense, to which the plea relates. United States v. Simmons, 96 U. S. 360 [24 L. Ed. 819]; United States v. Hess, 124 U. S. 483 [8 S. Ct. 571, 31 L. Ed. 516]; Pettibone v. United States, 148 U. S. 197 [13 S. Ct. 542, 37 L. Ed. 419]; In re Greene [C. C.] 52 F. 104.' United States v. Behrman, 258 U. S. 280, 42 S. Ct. 303, 66 L. Ed. 619.

"When the prosecution is based solely on information, the above reasoning becomes particularly cogent and controlling, on account of the unusual character of the proceeding, practically unknown to the criminal procedure of Pennsylvania and many other states, by which the defendant is deprived of a preliminary hearing before a committing magistrate, which naturally disclosed to him the nature of the charge and the evidence to support it; and deprived also of the protection accorded to him against an unfounded prosecution by the timely intervention of a grand jury. It becomes apparent, therefore, from every legal viewpoint, that in a prosecution by information, which stands in lieu of the indictment of the grand jury, to which defendant must plead, upon which he must go to trial without preliminary hearing, and to which alone he must look to 'be informed of the nature and cause of the accusation,' that such information should, without doubt, be not less specific than the indictment in setting forth fully, directly, and expressly, without any uncertainty, all the elements necessary to constitute the offense, every ingredient of which it is composed.

"It is true that section 32 * * * of the Volstead Act [Comp. St. Ann. Supp. 1923, § 10138½s] provides that 'it shall not be necessary in any affidavit, information or indictment to give the name of the purchaser or to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful, but this provision shall not be construed to preclude the trial court from directing the furnishing the defendant a bill of particulars when it deems it proper to do so.'

"It is not to be assumed that this section was intended as a radical departure from the well-settled principles governing criminal pleading and procedure. A reasonable construction of this section will disclose no such intention on the part of Congress. It is a fundamental proposition of criminal pleading that a bill of particulars cannot give life to a bad indictment. Without such bill of particulars, the indictment must be able to stand alone. A bill of particulars is for the benefit of the defendant by making a valid criminal charge more specific as to the facts upon which it rests, not to support the indictment or breathe into it the breath of life. That which must affirmatively appear on the face of the indictment can never be supplied by a bill of particulars. Com-

monwealth v. B. & O. R. R., 223 Pa. 27, 72 A. 278, 132 Am. St. Rep. 723; Floren v. U. S., 186 F. 961, 108 C. C. A. 577; United States v. Cleveland (D. C.) 281 F. 249.

"What, then, is meant by the words 'it shall not be necessary in any information or indictment * * * to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful'? When it is declared unnecessary for the information to include any defensive negative averments, this is in harmony with the general rule of pleading as laid down by the Supreme Court in the case of United States v. Cook, 84 U. S. (17 Wall.) 168, 21 L. Ed. 538, as follows:

"'Where a statute defining an offense contains an exception, in the enacting clause of the statute, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, an indictment founded upon the statute must allege enough to show that the accused is not within the exception. But if the language of the section defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the [indictment] may omit any such reference, the matter contained in the exception is matter of defense and to be shown by the accused.'

"Most certainly the words 'it shall be sufficient to state that the act complained of was then and there prohibited and unlawful' were never intended to violate every basic principle of criminal pleading; to make the validity of the indictment dependent, not on averments of fact comprising all the elements of the offense, but on the conclusion of the pleader that a certain act complained of was prohibited and unlawful."

In the Illig Case I held certain counts of the information defective in failing to set forth the ingredients of which the several offenses are composed, and the elements that enter into them in order that the defendant may be informed of the precise offense which he is called upon to meet, and be enabled to subsequently interpose a plea of former acquittal or former conviction. That in those counts the averments are merely conclusions of the pleader rather than averments of fact constituting a violation of the federal statute. In reference to such defect I there said:

"As an example: The first count charges that the defendant 'did willfully and unlawfully have and possess a large quantity (stating the amount) of intoxicating liquor, without being authorized so to do in the manner provided by the National Prohibition Act.' The count could scarcely be drawn more barren of facts. Nothing is averred as to the character of the defendant's business, where the liquors were found or possessed, the purpose of their possession, or in what way the possession was unlawful. The pleader wholly ignores the fact that possession of intoxicating liquors is not made an offense under the Eighteenth Amendment; that Congress did not attempt in the Volstead Act, nor would they have had the power, to make the mere possession, stripped of every other fact, a crime. Possession can be made an offense only when prohibited for the purpose of making effective that which the amendment prohibits. But Congress cannot do so for the purpose of adding a prohibited act to those prescribed in the fundamental law. Hilt et al. v. U. S. (C. C. A.) 279 F. 421; U. S. v. Beiner (D. C.) 275 F. 704; U. S. v. Dowling (D. C.) 278 F. 630; Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548."

[1, 2] The reasoning and conclusion adopted in that case are equally applicable to this. Possession of intoxicating liquors or liquors fit for use for beverage purposes may be perfectly lawful in certain cases under the National Prohibition Act. The only averments that are made in relation to the illegality of the possession are: First, the use of the words "did willfully and unlawfully have and possess intoxicating liquor." This is beyond question a conclusion of the pleader, containing not a fact upon which the court would be able to pass on the legality or illegality of the possession. And, second, the concluding words of the charge "in violation of the provisions of section 3 of title II of the National Prohibition Act." When we turn to section 3 of title II, the defendant is in no way aided in his defense. Section 3 provides:

"No person shall on or after the date when the Eighteenth Amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this act and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented.

"Liquor for non beverage purposes and

wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, imported, exported, delivered, furnished and possessed but only as herein provided, and the Commissioner may, upon application, issue permits therefor." ·

When we keep in mind that the Eighteenth Amendment did not make possession of liquors an offense, that Congress did not attempt in the Volstead Act to make the mere possession a crime, but, had they done so, their act would have been clearly beyond the constitutional limitation and invalid, and that possession of liquors under certain circumstances is lawful under the act, it becomes apparent that the mere. allegation of possession is not enough, even if such possession is alleged to be unlawful or contrary to law. Some fact or facts must be averred, showing that the alleged possession was accompanied by such a purpose or intent, or was under such circumstances as to render the possession a violation of the law. The absence of such averments is not cured by the conclusion of the pleader. In the counts before us, aside from such conclusion of the pleader, there is no fact averred inconsistent with a lawful possession.

In what way was the possession in violation of section 3? Was the possession for the unlawful purpose of sale? Did the defendants unlawfully intend to transport, export, or deliver the same in violation of the provisions of the act? If so, we are not informed, we could not even guess, wherein or for what reason the possession, not an offense in itself, became a crime. This conclusion of the pleader cannot be substituted for the averment of such fact or facts as make the possession a violation of the law.

Impressed as I am with the view that the possession count in each of the information fails to charge an offense against the United States, as measured by the long and well established rules of criminal pleading and procedure, the motions in arrest of judgment are sustained.