**UNITED STATES v. HAUPT et al.**

No. 33481.

District Court, N. D. Illinois, E. D.

Oct. 16, 1942.

J. Albert Woll, U. S. Atty., of Chicago, Ill., for the Government.

Paul A. F. Warnholtz and Benedict J. Short, both of Chicago, Ill., for defendants.

CAMPBELL, District Judge.

On September 4, 1942, the Grand Jury for this District returned the instant indictment in which it named the following persons: Hans Max Haupt. Erna Emma Haupt. Walter Otto Froehling. Lucille Froehling. Otto Richard Wergin. Kate Martha Wergin. Subsequent to the return of the indictment in open court, the defendants were duly apprehended and brought before the court. Upon arraignment each defendant filed a plea of not guilty. Subsequently by leave of court these pleas were withdrawn and separate demurrers to the indictment were substituted.

Before discussing the propriety of the demurrers and the ruling to be made thereon, it is proper to briefly mention the law claimed by the United States to have been violated by these defendants. It is Article III, Section 3 of the United States Constitution which reads as follows: "Treason against the United States, shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort. No Person shall be convicted of Treason unless on the Testimony of two Witnesses to the same overt Act, or on Confession in open Court. The Congress shall have Power to declare the Punishment of Treason," etc.; and Section 1, Title 18, U.S.C.A.—Treason. "Whoever, owing allegiance to the United States, levies

834

war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason."

This latter statute was passed March 4, 1909. In a number of early cases decided many years preceding the year 1909, in fact, commencing almost immediately after the adoption of the Constitution, it was held that the crime of treason was deemed by the founders of our government to be of such importance, both in respect to the government and to the citizen, that they specially defined it in the Constitution, thus taking it out of the power of legislative regulation. This was made clear by the authors and adopters of the Constitution because the document specifically limits the power of the Congress to authority to declare and fix the punishment. The crime of treason, therefore, is the only crime defined by the Constitution of the United States. The reason for this, no doubt, was that its authors and adopters considered treason the highest of all crimes.

The indictment, if it is to be sustained, therefore, must charge the offense of treason as defined in the Constitution of the United States.

In a long line of decisions handed down in the various United States Circuit Courts of Appeals and in the Supreme Court of the United States, the purpose of an indictment has been fully and completely discussed.

The constitutional requirement regarding the necessity of an indictment will be found in Article V of the first ten amendments to the Constitution. It reads as follows: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any Criminal Case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

The indictment in this case alleges (Paragraph 1, page 1) the defendants on June 17, 1942, up to and including July 17, 1942, were persons owing allegiance to the United States and that during this period of time they adhered to the enemies of the

United States and gave to said enemies aid and comfort. •

It further alleges (Paragraph 5, page 2) that one, Herbert Haupt, an agent and representative of the government of the German Reich, came to the United States on or about June 17, 1942, as a secret agent, saboteur and spy for the purpose of aiding the German government in carrying on War against the United States. The indictment states Herbert Haupt's services to the German government included his destroying certain war materials, using money of the German government in connection with the procurement, manufacture and use of explosive substances, using sabotage devices to destroy war materials to be used by the United States, and further engaging himself in unlawful and hostile enterprises.

If this is true, Herbert Haupt was an enemy of the United States and anyone assisting him would be guilty of the crime of treason as defined by the United States Constitution.

The indictment alleges that (Paragraph 5, page 1), to-wit: June 17, 1942, Herbert Haupt came to the United States six months subsequent to the declarations of War.

The indictment alleges (Paragraph 6, pages 2 & 3) that Herbert Haupt was to secure information concerning the national defense and furnish it to the German government, the German government to use such information to aid and assist it in carrying on its War against the United States.

It further states (Paragraph 1, page 3) that he was to employ other persons who would secure information for him and he in turn would forward that information to the German government.

The indictment states (Paragraph 2, page 3) that Herbert Haupt was to employ the use of false statements within the United States that would interfere with the operation and success of the Military forces of the United States, to the advantage of the German government in carrying on its War with the United States, and that he was to employ other persons to assist him in this particular work.

The indictment states (Paragraph 3, page 3) that Herbert Haupt was to remain within the United States and while here, receive orders from the German government.

The indictment states (Paragraph 4, page 3) that the defendants would adhere and

give aid and comfort to the German government by aiding and assisting Herbert Haupt throughout the period of time that he was in the United States, and that this assistance took several forms, such as harboring, relieving, aiding, and abetting, assisting, counselling and advising Herbert Haupt.

The indictment (Paragraph 1, page 4) states that the defendants were to carry out requests and instructions from Herbert Haupt and employ the use of false information in concealing the identity of Herbert Haupt as an enemy of the United States.

It charges that they were to conceal the property and funds of Herbert Haupt so that he would be able to successfully use the same, and all of these activities engaged in by the defendants were with the knowledge that they were aiding and comforting the enemies of the United States including said Herbert Haupt and the German government.

The indictment states (Paragraph 2, page 4) that in the execution of their treasonable conduct, the defendants were to perform and commit certain overt acts. The indictment (Pages 5–14, inclusive) then proceeds to enumerate these overt acts.

Some of the defendants are charged with participating in certain acts, others are not. In one or more instances all of the defendants are charged with participating in the same overt act. The overt acts may be briefly described as follows: Harboring and giving sustenance to the enemy; accepting money from the enemy; safeguarding and concealing money belonging to the enemy; harboring Herbert Haupt and concealing him in their respective homes; conferring, counselling and advising the enemy; giving false and misleading information which aided the enemy; permitting meetings to be held in their homes for the purpose of aiding the enemy; transporting and conveying the enemy; procuring and purchasing a vehicle of transportation for the enemy; giving money to the enemy; securing lodging for the enemy; furnishing a mailing address for the enemy; concealing the ownership of money belonging to the enemy and giving false and misleading information to the agents and officials of the United States government.

■ To meet the requirements of the Constitution it is necessary that the indictment shall not only be sufficient to inform the accused that he is charged with a criminal offense but sufficiently specific to clearly inform him of what he has to meet and, thus, afford him a fair and reasonable opportunity to prepare his defense. The rule so defined is well established. It is based upon two grounds: first, that the accused shall know distinctly the nature and elements of the accusation; and, second, that the offense must be so described as to make the judgment a complete defense to a second prosecution for the same offense. Case v. United States, 9 Cir., 6 F.2d 530; Kaufmann v. United States, 3 Cir., 282 F. 776, certiorari denied 260 U.S. 735, 43 S.Ct. 96, 67 L.Ed. 488; United States v. Lynch, D.C., 11 F.2d 298; United States v. Berger, D.C., 9 F.2d 167; United States v. Olmstead, D.C., 5 F.2d 712.

■ Does the indictment in the instant case meet these requirements? I believe that it does. The crime charged is that of treason.

A reading of the indictment by any one of the defendants must sufficiently inform him or her of the charge because it clearly states the part in the crime they are charged with committing. They are told that it was to aid and assist Herbert Haupt in doing acts which, without question, if true, aided and assisted the enemy of the United States, namely, the German government. It clearly informs them how and when they committed the alleged treasonable acts. The description of the overt acts set forth in the indictment is such as to specifically inform the defendants of what they will be required to meet at the trial, and any judgment of conviction or acquittal that would follow the trial of this case could be pleaded as a complete defense to a second prosecution.

The alleged dates when the defendants are charged with commencing their treasonable conduct towards the United States are set forth in the indictment. The defendants are informed that they adhered to the enemies of the United States and gave them aid and comfort while their country was at War with such enemies. The language of the indictment sufficiently informs the defendants that they have violated the Constitution of the United States and committed the offense described in the Constitution.

The Congress of the United States has seen fit to pass a Statute which declares that no indictment shall be deemed insufficient because of any defect or imperfection in matter of form only which shall not tend

to the prejudice of the defendant. See Taylor v. United States, 7 Cir., 2 F.2d 444, opinion by Judge Evans; also Hoback v. United States, 4 Cir., 284 F. 529.

There may be some imperfection in the form of this indictment but not of sufficient consequence to mention other than a defect in form regarding the conclusion. The indictment concludes that the facts pleaded in it constitute an offense contrary to the form of the Statute, in such case made and provided. It, however, in its text goes farther than that and pleads an offense against Article 3, Section 3 of the United States Constitution.

 The facts pleaded in the indictment, if true, successfully charge the constitutional crime of treason which includes the same definition as alleged in Section 1, of Title 18 of the United States Criminal Code. Had the indictment failed to conclude contrary to the Statute in such case made and provided, or had the indictment failed to contain any concluding paragraph, it would be wholly immaterial because such allegation would be a mere conclusion of law, and would have nothing whatever to do with the substance of the charge. Frisbie v. United States, 157 U.S. 160, 15 S.Ct. 586, 39 L.Ed. 657. Therefore, the omission of a concluding paragraph in an indictment or to have a concluding paragraph in an indictment which concludes to the Statute and not to the Constitution is merely a defect in form and, in no way, affects the substance of the charge. It does not tend to the prejudice of the defendant and is, therefore, cured by Section 556 of Title 18, U.S.C.A.

The defendants, in their demurrers, contend that there is a misjoinder of parties and offenses—that some of the defendants are charged with participating in overt acts and others are not, in other words, the defendants claim, in their demurrers, that they are prejudiced because included in the indictment are certain overt acts in which all did not participate at the same time.

The law is well established that it is unnecessary that all defendants participate in the same overt act. Some may participate in one act and not participate in the other. The treasonable conduct and crime may consist in various defendants performing separate and distinct acts.

The Constitution requires that no person shall be convicted of treason unless on the testimony of two witnesses to the same overt act.

It is my opinion that the contention of the defendants that part of the indictment which alleges the overt acts including some defendants in certain acts and excluding them in others is prejudicial to the excluded defendants, is without merit.

The defendants in an amendment to their demurrers filed yesterday further contend that the indictment in this case is fatally defective because of duplicity. They contend that the government has attempted to charge in the single count of this indictment more than one separate and distinct offense.

This contention is likewise without merit. The indictment merely alleges the overt acts as describing when, how and the manner in which the defendants are charged with committing the single crime of treason set up in the indictment.

The Supreme Court has said the rigor of old common law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged.

I am of the opinion that this indictment fully meets these requirements and the demurrers of each of the defendants are, therefore, overruled.