## Commonwealth v. Anderson

*Robert M. Harris* and *John W. Walesky*, for Commonwealth.

*C. A. Whitehouse*, for defendant.

DALTON, J., June 4, 1951.—An enforcement officer of the Liquor Control Board lodged an information which charged that defendant, Margaret Bubel Anderson, on certain specified dates "did unlawfully sell liquor, and, or malt or brewed beverages as defined

in article I, section 2, of the Pennsylvania Liquor Control Act to patrons and guests on Sunday, contrary to the provisions of section 411, Act 370, the Pennsylvania Liquor Act approved June 16, 1937". Section 411, thus referred to, deals exclusively with sales of liquor and malt or brewed beverages by certain classes of licensees. There was no averment in the information that the accused was a licensee of any class or the servant, agent or employe of a licensee.

On the return of the information the grand jury found an indictment against defendant containing three counts. The first count charges:

"That Margaret Bubel Anderson, late of the said County, Yeolady on the Twenty-first day of October in the year of our Lord One Thousand Nine Hundred and Fifty at the County aforesaid, and within the jurisdiction of this Court with force and arms, etc., then and there being, unlawfully and wilfully did sell certain liquor and malt and brewed beverages to patrons and guests of her establishment on a Sunday:— to wit October 21, 1950."

The second and third counts contain similar averments with respect to two other specific dates. There is no allegation in the indictment that defendant was a licensee of any class or the servant, agent or employe of a licensee. For this reason, among others, defendant has moved to quash the indictment.

The Commonwealth concedes that the intent of the prosecution is to charge defendant, *as a licensee*, with having sold at a time prohibited by statute. It rests the charge squarely and exclusively on sections 602(24) and 411 of the Pennsylvania Liquor Control Act, as reënacted June 16, 1937, P. L. 1762. Therefore, as the matter has been presented to us, the narrow question for decision is whether the indictment sufficiently charges a violation of the specific sections relied upon by the Commonwealth.

Section 602(24), 47 PS §744-602(24), provides:

"It shall be unlawful for any licensee, his servants, agents or employes, to give, furnish, trade, barter, serve or deliver any liquor or malt or brewed beverages to any person during hours or on days when the licensee is prohibited by this act from selling liquor or malt or brewed beverages."

The act deals with a number of different kinds of licensees, such as importer's licensees, sacramental wine licensees, public service licensees, hotel licensees, restaurant licensees, club licensees, and club licensees who hold a catering license. To ascertain the time when a licensee of a particular class is prohibited from selling, reference must be made to other parts of the act. The other section relied upon by the Commonwealth, section 411, 47 PS §744-411, provides, in part here relevant, as follows:

". . . No club holding a catering license, nor its officers, servants, agents or employes shall sell on Sunday to nonmembers any liquor or malt or brewed beverages. . . . Hotel, restaurant and public service licensees, their servants, agents or employes . . . shall not sell on Sunday. . . ."

As was said in St. Paul Mercury Indemnity Company's Appeal, 325 Pa. 535, 537: "It is a familiar maxim of statutory construction that where a provision of an act is expressly stated to apply to named persons or groups, those persons and groups not named are excluded." It follows that the provisions of the two sections relied upon by the Commonwealth cannot be extended to persons not expressly named therein.

In 42 C. J. S., Indictments and Informations, §127(g), it is said: "If the offense may be or is committed by persons only of a certain class or description, the accused must be described as being of that class or description."

48 C. J. S., Intoxicating Liquors, §309, states:

"If . . . the statute on which an indictment is founded makes the act charged an offense only when it is done by a person belonging to a particular class, or possessing a certain qualification, or pursuing a given business, as, where he is a 'licensed retailer', 'merchant', 'druggist', or 'wholesale dealer', so that the crime can be committed only by one who is so situated, *the indictment must show on its face that accused comes within the class designated by the statute.*" (Italics supplied.) Further, it is said in 48 C. J. S., Intoxicating Liquors, §329:

"Where a prosecution is founded on a statute regulating the manner of conducting the business of a liquor dealer, or prescribing or forbidding particular acts in the management of such business, particular care must be taken in the indictment to insert clear and specific allegations bringing both accused and the acts or omissions complained of within the terms of the statute."

The indictment now before us contains no allegation which would bring defendant within the class of persons enjoined by the two sections on which the Commonwealth rests the prosecution. It follows that it is deficient in a substantive allegation essential to the statement of an offense under either section and must be quashed. See Stout v. Territory, 2 Okl. Cr. 500, 103 Pac. 375; People v. Page, 3 Parker's Crim. Rep. (N. Y.) 600.

The Commonwealth's suggestion that the defect might be supplied by a bill of particulars, is untenable. As was said in Commonwealth v. Baltimore & Ohio Railroad Company, 223 Pa. 23, 27; ,

"A bill of particulars, prepared by a district attorney, can never take the place of what must affirmatively appear on the face of an indictment to which the accused must plead."

In its brief of argument the Commonwealth requested us to take judicial notice that the three specific dates charged in the indictment were Sundays. In response to that request we have consulted the calendar and, having so informed ourselves, we now take judicial notice that the dates charged in the first and second counts of the indictment, to wit, October 21, 1950, and November 18, 1950, were not Sundays but Saturdays.

We find it unnecessary to pass upon the other reasons assigned in support of the motion to quash.

And now, June 4, 1951, the indictment is quashed.