UNITED STATES v. ALLEN.

(District Court, E. D. Arkansas, W. D.   October 30. 1906.)

No. 2,712.

1. EMBEZZLEMENT—INDICTMENT—FEDERAL STATUTE.

An indictment under Act March 3, 1875, c. 144, 18 Stat. 479 [U. S. Comp. St. 1901, p. 3675], charging defendant with the embezzlement of money of the United States, is bad where it does not allege that he was a clerk or employé of the government, or that the money came lawfully into his possession by virtue of some employment.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Embezzlement, § 46.]

2. POST OFFICE—EMBEZZLEMENT OF MONEY ORDER FUNDS—INDICTMENT. '

An indictment under Rev. St. §. 4046 [U. S. Comp. St. 1901, p. 2752], which provides generally that "every postmaster, assistant, clerk or other person employed in or connected with the business or operations of any money order office who converts to his own use * * * any portion of the money order funds shall be deemed guilty of embezzlement," is not sufficient where it merely avers that defendant was a clerk employed in a money order office, and charges the offense in the language of the statute, but it must, in addition, charge that the funds converted came into his possession by virtue of his employment, which is essential to the crime of embezzlement and to differentiate it from larceny.

On Demurrer to Indictment.

W. G. Whipple, U. S. Atty.

J. W. House and Thos. T. Dickinson, for defendant.

TRIEBER, District Judge. The defendant is indicted in two counts for embezzling $383, money order funds. The first count is under Act March 3, 1875, c. 144, 18 Stat. 479 [U. S. Comp. St. 1901, p. 3675], and the second count under section 4046, Rev. St. [U. S. Comp. St. 1901, p. 2752].

1. In the first count it is charged:

"That he did then and there willfully, feloniously, and unlawfully embezzle and appropriate to his own use in substation 4 of the post office of the United

States, located on Main street, in the city of Little Rock, in the state of Arkansas, three hundred and eighty-three dollars money order funds of the United States, of the value of three hundred and eighty-three dollars lawful money of the United States, a more particular description of which is to the grand jurors unknown, contrary to the form of the statute," etc.

This count does not allege that he was a clerk or employé of the post office, nor does it show how the money came into his possession. The act itself does not define the crime of embezzlement, and for this reason must be deemed to have been enacted by Congress to cover the offense of embezzlement as generally defined by the English and American courts and statutes on that subject. In Moore v. United States, 160 U. S. 268, 269, 16 Sup. Ct. 294, 295, 40 L. Ed. 422, embezzlement is defined to be:

"The fraudulent appropriation of property by a person to whom such property has been intrusted or into whose hands it has lawfully come. It differs from larceny in the fact that the original taking of the property was lawful or with the consent of the owner, while in larceny the felonious intent must have existed at the time of the taking."

As this count fails to show that he was an employé or that this money came lawfully into his possession by virtue of some employment, it is clearly bad.

The identical question now before the court, under the same statute, was before the Supreme Court in Moore v. United States, supra, and it was there held that an indictment failing to allege that such sum came into defendant's possession in the capacity of a clerk or employé, although the indictment charged that he was such a clerk, was fatally defective. That decision is conclusive of this case, and for this reason the demurrer to the first count must be sustained.

2. In the other count, which is based upon section 4046, Rev. St., the charge is that the defendant "was then and there a post office clerk of the United States, having in charge and being employed in, and being connected with, substation No. 4 of the post office of the United States, located on Main street, in the city of Little Rock, in the state of Arkansas, the same being a money order office, and did then and there while so employed knowingly, willfully, and unlawfully convert to his own use a portion of the money order funds of the United States, to wit, the sum of three hundred and eighty-three dollars money order funds of the United States, of the value of three hundred and eighty-three dollars lawful money of the United States, a more particular description of which as to its being coin or paper currency or as to denomination thereof to these grand jurors unknown, contrary to the form of the statute." etc. It will be noticed that in this count the pleader also fails to charge that this money came to the hands of the defendant by virtue of his employment in said post office, but it is claimed on behalf of the government that as the acts declared by section 4046, Rev. St., to establish the crime of embezzlement are not only such as are usually understood to constitute that offense, but cover many others which, in the absence of such a statute, would not constitute that crime, it is sufficient for the indictment to follow the language of the statute, and, as the statute does not say that the money must have come to his hands as an employé, it is not necessary to charge it in the indictment.

While the courts have often held that an indictment for a statutory offense is sufficient if the offense be charged in the words of the statute, this rule has its qualifications. In Evans v. United States, 153 U. S. 584, 587, 14 Sup. Ct. 934, 936, 38 L. Ed. 830, the court said:

"A rule of criminal pleading which at one time obtained in some of the circuits and perhaps received a qualified sanction from this court in United States v. Mills, 7 Pet. 138, 8 L. Ed. 636, that an indictment for a statutory misdemeanor is sufficient if the offense be charged in the words of the statute, must under more recent decisions be limited to cases where the words of the statute themselves, as was said by this court in United States v. Carll, 105 U. S. 611, 612, 26 L. Ed. 1135, fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. The crime must be charged with precision and certainty, and every ingredient of which it is composed must be accurately and clearly alleged. United States v. Cook, 17 Wall. 168, 174, 21 L. Ed. 538; United States v. Cruikshank, 92 U. S. 542, 558, 23 L. Ed. 588. The fact that the statute in question, read in the light of the common law and of other statutes on the like matter, enabled the court to infer the intent of the Legislature, does not dispense with 'the necessity of alleging in the indictment all the facts necessary to bring the case within that intent. Even in the cases of misdemeanors, the indictment must be free from ambiguity and leave no doubt in the mind of the accused and the court of the exact offense intended to be charged, not only that the former may know what he is called upon to meet, but that upon a plea of former acquittal or conviction the record may show with accuracy the exact offense to which the plea relates."

Although this count charges that the defendant was an employé of the post office and that he converted the money order funds of the United States, the property of the United States, it fails to allege that the money came to his hands by virtue of his employment. The mere fact that a person is an employé in one department of a common establishment does not make it embezzlement if he feloniously steals property under the control of another employé of the same establishment, unless the property itself was lawfully placed in his hands and thereafter by him unlawfully converted. An employé of a post office engaged in the distribution of the mails solely, who feloniously steals money out of a drawer in which are kept the money order funds in charge of another clerk, is guilty of larceny, but not of embezzlement; for, although he was an employé of the post office, the money stolen did not come to his possession by virtue of his employment nor with the consent of the owner, without which there can be no embezzlement. Aside from that fact, an acquittal of this charge could not be pleaded in bar to another indictment for the same offense, which charged that this money came into his possession by virtue of his employment and was by him unlawfully converted to his own use. The indictment in Moore v. United States, supra, was under another statute. Still a careful examination of the opinion of that case establishes the rules of law which are as applicable to this statue as to the other. As was stated by the court in United States v. Cruikshank:

"It is an elementary principle of criminal pleading that where the definition of an offense, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition, but it must state the species. It must descend to particulars. The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him

to make his defense and avail himself of his conviction or acquittal for protec‧tion against a further prosecution for the same acts; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction if one shall be had. For this facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent; and these must be set forth in the indictment with reasonable particularity of time, place and circumstances." 92 U. S. 558, 23 L. Ed. 588.

The demurrer to the second count must also be sustained.