## UNITED STATES v. HORTON.

(District Court, S. D. Alabama. August 18, 1922.)

1. **Intoxicating liquors ⬥⟹202—Indictment for possessing still held fatally ambiguous.**

   An indictment charging that defendant unlawfully possessed a still, designed and intended for use in the manufacture of intoxicating liquor, in violation of the National Prohibition Act, tit. 2, is fatally defective, as it was uncertain whether the unlawful intent or design alleged was that of maker, designer, or possessor.

2. **Intoxicating liquors ⬥⟹209, 211—National Prohibition Act forbids possession of liquor or property for manufacture of liquor.**

   National Prohibition Act, § 25, prohibiting the possession of any liquor or property designed for the manufacture of liquor intended for use in violating this act, prohibits the possession of either liquor or property designed for the manufacture of liquor, which liquor or property was intended to be used by the possessor in violation of this act.

3. **Indictment and information ⬥⟹63—Indictment charging unlawful possession of liquor held mere conclusion.**

   In the absence of any statement of facts showing why the possession was unlawful, an indictment charging that defendant did unlawfully possess, etc., is a mere conclusion.

4. **Indictment and information ⬥⟹62—No intendments indulged in favor of indictment.**

   Where the liberties of a defendant are involved, all the facts necessary to bring the case within the intent of the act must be alleged, as no intendments can be indulged in favor of the indictment.

John Horton was prosecuted for violating the National Prohibition Act, and he demurs to the indictment. Demurrer sustained.

Aubrey Boyles, U. S. Atty., of Mobile, Ala., for the United States.
Robert Gordon and David Edington, both of Mobile, Ala., for defendant.

ERVIN, District Judge. There are three counts in the indictment, and the demurrers to the first and third counts raise the same ques-

---

⬥⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tions passed on in the Case of Thomas Cleveland (D. C.) 281 Fed. 249.

[1] The second count in part is as follows:

"John Horton, whose name is to the grand jury otherwise unknown, did unlawfully have and possess, to wit, one (1) 35-gallon copper still, one (1) copper worm, one (1) copper connection, eleven (11) 50-gallon Bbl. fermenters, one (1) lot vessels, one (1) brick furnace, designed and intended for use in and for violating title 2 of the National Prohibition Act, passed October 28, 1919; that is to say, designed and intended for use in the manufacture and distillation of intoxicating liquors, which was then and there prohibited and unlawful."

The demurrer raises the question whether any offense is charged. In the case of U. S. v. Carll, 105 U. S. 612, 26 L. Ed. 1135, it is said:

"In an indictment upon a statute, it is not sufficient to set forth the offense in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished; and the fact that the statute in question, read in the light of the common law, and of other statutes on the like matter, enables the court to infer the intent of the Legislature, does not dispense with the necessity of alleging in the indictment all the facts necessary to bring the case within that intent."

Some of the other cases holding to the same effect are Miller v. U. S., 136 Fed. 581, 69 C. C. A. 355; U. S. v. Meyers (D. C.) 142 Fed. 907; U. S. v. Dowling (D. C.) 278 Fed. 630.

In Evans v. U. S., 153 U. S. 584, 14 Sup. Ct. 934, 38 L. Ed. 830, it is said:

"Even in the cases of misdemeanors, the indictment must be free from all ambiguity, and leave no doubt in the mind of the accused and the court of the exact offense intended to be charged." U. S. v. Allen, 150 F. 153.

[2] Section 25 of the National Prohibition Act (41 Stat. 315) reads:

"It shall be unlawful to have or possess any *liquor or* property designed for the manufacture of liquor intended for use in violating this title."

It is urged first that this language only forbids the possession of property "designed for the manufacture of liquor, which liquor so manufactured is intended to be used in violating this title." It is true that, if the words "liquor or," which I have italicized, are eliminated from the sentence, it would mean this. As I read the sentence, however, Congress was making it unlawful to have or possess either *"liquor"* or *"property"* designed for the manufacture of liquor, which liquor or property was intended to be used by the possessor in violating this title.

The question then arises whether the indictment charges a possession by Horton with an intent on his part to use the still and accessories in the distillation of intoxicating liquors. Construing the act in light of the authorities, it must be held that it does not declare all the elements of the offense. A still may be designed by its maker for the "manufacture of liquor"; but this design would not make its possession by a third person unlawful, unless such third person intended to use it in the manufacture of liquor in violation of the provisions of the act. We therefore see that an unlawful intent on the part of the possessor is an essential part of the offense of having either liquor or property designed for the manufacture of liquor, in one's possession.

In Baender v. Barnett, 255 U. S. 225, 41 Sup. Ct. 271, 65 L. Ed. 597, in speaking of the statute making it unlawful to have in one's possession a die designed for making spurious coins, it is said:

"The statute is not intended to include and make criminal a possession which is not conscious and willing. While its words are general, they are to be taken in a reasonable sense, and not in one which works manifest injustice or infringes constitutional safeguards."

Therefore, if the indictment leaves it uncertain or doubtful if the intent or design alleged is that of the maker, the designer, or the one who has the possession alone, such indictment is lacking the required certainty and fails to charge any offense, for it is clear the intent of neither the designer nor of the maker could be imputed to the possessor. An apparatus that will distill liquor will also distill turpentine, and will also distill water, and distilled water is used for many legal purposes. One may come into possession for many lawful purposes of a still designed and intended originally to be used for the distillation of illegal spirits.

[3] The indictment charges that Horton did unlawfully possess, etc.. This is merely the statement of a conclusion, in the absence of any statement of facts showing why the possession was unlawful. It charges the possession by Horton of the still and accessories "designed and intended for use in the manufacture and distillation of intoxicating liquors." It fails to allege either that Horton designed, made, or intended to use the still and accessories in making intoxicating liquors. I therefore think it subject to the demurrer.

[4] It may be said this is a very technical construction, but in criminal cases, where the liberties of the defendant are involved, no intendments can be indulged in favor of an indictment; it must allege "all the facts necessary to bring the case within the intent of the act."