PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* José BARTOLOMÉ MUÑOZ, Defendant and Appellant.

No. 2649.   Argued February 5, 1926.—Decided April 28, 1926.

*Miguel Bahamonde* for the appellant.   *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this case, without more, charged the defendant with possessing in his residence a bottle containing a liter of rum (*dos cuartillos*), an intoxicating liquor containing more than one per cent of alcohol and susceptible of being used as an intoxicating drink.   The District Court

of Ponce found him guilty of an offense against the National Prohibition Act and fined him sixty dollars. The *Fiscal* agrees with the appellant that the judgment should be reversed.

We shall follow the plan of other courts and consider first what the 18th Amendment to the Constitution of the United States provides. We transcribe it:

"1. After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.—2. The Congress and the several States shall have concurrent power to enforce this article by appropriate legislation. . . ."

We take note, or the courts have taken note, that the Amendment prohibits only the "manufacture, sale, etc., of intoxicating liquors for beverage purposes." It does not prohibit the manufacture, etc., of intoxicating liquors for other than beverage purposes. The Amendment does not in any form prohibit the possession of intoxicating liquor. *United States* v. *Dowling*, 278 F. 637; *Petition of Shoemaker*, 9 F. (2nd), 170; *United States* v. *Illig*, 288 Fed. 939.

Congress may, of course, prohibit the possession of intoxicating liquor for any purpose incidental to or directly connected with the acts denounced by the Amendment, *Everard Breweries* v. *Day*, 265 U. S. 559, and to a certain extent Congress has done so in the National Prohibition Act familiarly known as the Volstead Act. Under that act there is no attempt to punish the mere possession of liquor and the courts have so held. *United States* v. *Dowling, supra; United States* v. *Illig, supra; United States* v. *Horton*, 282 Fed. 731; *Petition of Shoemaker, supra.*

In *United States* v. *Dowling* the court said that the Amendment did not authorize the Congress to so legislate as to denounce the bare intrastate possession of intoxicating liquors and that the words "for beverage purposes" were as plain and as important as any other words of the Amend-

ment, but that Congress did have the power to prohibit possession for the inhibited purposes. Said the court: "The possession is lawful unless it be coupled with the illegal 'manufacturing,' 'sale' or 'transportation' or 'importation' or 'exportation.'"

Under a charge similar to the one before us in *United States* v. *Illig, supra,* it was said: "The count could scarcely be drawn more barren of facts. Nothing is averred as to the character of the defendant's business, . . . the purpose of their possession or in what way the possession was unlawful." And again: "That Congress did not attempt in the Volstead Act, nor would they have had the power, to make the mere possession, stripped of every other fact, a crime," with further reasoning and citing cases.

*United States* v. *Horton, supra,* holds that an unlawful intent on the part of the possessor is an essential part of the offense of having either liquor or property designed for the manufacture of liquor in one's possession.

Actions showing some intent to violate one or more of the fundamental acts denounced must be pleaded. We are not concerned with the presumptions at the trial established by the Volstead Act, but as in other criminal offenses the defendant must know the specific offense charged. See in this connection *Street* v. *Lincoln Safe Deposit Co.,* 254 U. S. 88, cited in the *Petition of Shoemaker, supra.*

No crime is made out, the judgment must be reversed and the defendant discharged.