EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ
BARTOLOMÉ MUÑOZ, acusado y apelante.

No. 2649.—*Visto:* Febrero 5, 1926.   *Resuelto:* Abril 28, 1926.

1. BEBIDAS EMBRIAGANTES—DELITOS—MERA POSESIÓN DE BEBIDAS—ENMIENDA
XVIII A LA CONSTITUCIÓN AMERICANA.—La enmienda 18 a la Constitución
americana no prohibe en forma alguna la mera posesión de licor embria-
gante.

2. BEBIDAS EMBRIAGANTES—DELITOS—MERA POSESIÓN DE BEBIDAS—LEY NACIO-
NAL DE PROHICIÓN (*Volstead*).—Con arreglo a la Ley Nacional de Prohibi-
ción (Ley Volstead), no existe tentativa alguna en castigar la mera posesión
de licor.

3. BEBIDAS EMBRIAGANTES—DELITOS—MERA POSESIÓN DE BEBIDAS—EN GENERAL.
—La mera posesión de licores embriagantes es legal a menos que esté acom-
pañada de la fabricación, venta, transportación, importación o exportación
ilegal.

4. BEBIDAS EMBRIAGANTES—PROCESOS CRIMINALES—DE LA DENUNCIA—SUFICIEN-
CIA DE LA MISMA.—Una denuncia por posesión de licor embriagante en que
no se alega acto o actos que demuestren alguna intención de violar uno o
más de los actos fundamentales prohibidos por la ley no imputa delito alguno.

SENTENCIA de *Angel Acosta Quintero,* J. (Ponce), condenando al
acusado por infracción a la ley de prohibición nacional, con cos-
tas. *Revocada.*

*Miguel Bahamonde,* abogado del apelante; *José E. Figueras,* abogado
de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tri-
bunal.

La denuncia en este caso sin más imputaba al acusado
el hecho de poseer en su residencia un frasco conteniendo
dos cuartillos de ron que es una bebida embriagante que
contiene más del uno por ciento de alcohol por volumen y
que puede ser usado como bebida embriagante. La Corte
de Distrito de Ponce lo declaró culpable de un delito de in-
fracción a la Ley de Prohibición Nacional y lo condenó a
pagar una multa de $60. El Fiscal está de acuerdo con el
apelante en que la sentencia debe ser revocada.

Seguiremos el plan de otras cortes y consideraremos primero lo que prescribe la enmienda 18 a la constitución de los Estados Unidos. La transcribimos aquí: "Un año después de la ratificación de esta enmienda queda prohibida la fabricación, venta o transportación de licores embriagantes en, la importación de los mismos a, o su exportación de los Estados Unidos y todo territorio sujeto a su jurisdicción para fines de bebida.—2.—El Congreso y los diferentes estados tendrán facultad concurrente para poner en vigor esta enmienda mediante legislación adecuada."

[1] Observamos, o las cortes han observado, que la enmienda sólo prohibe la fabricación, venta, etc., de licores embriagantes para fines de bebida. No prohibe la fabricación, etc., de licores embriagantes para otros fines que no sean de bebida. La enmienda no prohibe en forma alguna la posesión de licor embriagante. *United States* v. *Dowling,* 278 F. 637, *Petition of Shoemaker,* 9 F (2nd) 170; *U. S.* v. *Illig,* 288 Fed. 939.

[2] El Congreso puede, por supuesto, prohibir la posesión de licor embriagante para cualquier fin incidental a, o relacionado directamente con los actos denunciados en la enmienda, *Everard Breweries* v. *Day,* 265 U. S. 559, y hasta cierto punto el Congreso así lo ha hecho en la Ley Nacional de Prohibición, conocida familiarmente por Ley Volstead. Con arreglo a esa ley no existe tentativa alguna en castigar la mera posesión de licor, y las cortes así lo han declarado. *U. S.* v. *Dowling, supra; U. S.* v. *Illig, supra; U. S.* v. *Horton,* 282 Fed. 731; *Petition of Shoemaker, supra.*

[3] En el caso de *U. S.* v. *Dowling,* la corte dijo que la enmienda no autorizaba al Congreso a legislar de tal modo que prohiba la simple posesión intraestado de licores embriagantes, y que las palabras "para fines de bebida," eran tan claras e importantes como cualesquiera otras de la enmienda, pero que el Congreso tenía efectivamente la facultad de prohibir la posesión para los fines denunciados. La corte dijo: "La posesión es legal a menos que esté acom-

pañada de la 'fabricación,' 'venta,' o 'transportación' o 'importación' o 'exportación' ilegal.''

[4] Bajo una acusación semejante a la sometida a nuestra consideración en el caso de *U. S. v. Illig, supra,* se dijo lo siguiente: ''Difícilmente podría estar redactado el cargo en una forma más desprovista de hechos. . . . . Nada se alega respecto a la índole del negocio del acusado, . . . . el objeto de su posesión, o de qué modo su posesión era ilegal.'' Y continúa diciéndose: ''Que el Congreso no trató en la Ley Volstead, ni hubiera tenido la facultad, de convertir en delito la mera posesión desprovista de todo otro hecho;'' y continúa razonando la corte y citando casos.

El caso de *U. S. v. Horton, supra,* sostiene que es un elemento esencial del delito de tener licor o propiedad con el fin de fabricar licor, en posesión de una persona, la intención ilegal por parte del poseedor.

Deben ser alegados los actos que muestren alguna intención de violar uno o más de los actos fundamentales prohibidos. No estamos tratando de las presunciones en el juicio establecidas por la Ley Volstead, sino que como en otros delitos el acusado debe conocer el delito específico que se le imputa. Véase en relación con esto el caso de *Street* v. *Lincoln Safe Deposit Co.,* 254 U.S. 88, citado en *Petition of Shoemaker, supra.*

*No aparece delito alguno y debe revocarse la sentencia y absolverse al acusado.*