### Baker v. Commonwealth.

(Decided May 14, 1926.)

## Appeal from Bullit Circuit Court.

Intoxicating Liquors—Indictment for Unlawfully Possessing Parts of Outfit Designed for Unlawful Manufacture of Spirituous Liquors Need Not Aver Intent (Ky. Stats., Supp. 1924, Sections 2554a-4, 2554a-7; National Prohibition Act, title 2, Sections 18, 25 [U. S. Comp. Stats. Ann. Supp. 1923, Sections 10138½i, 19138½m]).— Apparatus, described in indictment under Ky. Stats. Supp. 1924, section 2554a-4, for unlawfully possessing illicit still as parts of outfit designed for unlawful manufacture of spirituous liquors, is illicit still within section 2554a-7, so that indictment need not aver that possessor intended to use it in unlawful distillation of intoxicating liquors, as required under National Prohibition Act, title 2, sections 18, 25 (U. S. Comp. Stats. Ann. Supp. 1923, sections 10138½i, 10138½m).

RONALD C. OLDHAM and T. L. HOWE, for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The question presented by this appeal is whether or not the appellant's demurrer to the following indictment should have been sustained:

"The grand jurors of Bullitt county in the name and by the authority of the Commonwealth of Kentucky, accuse Charles Samuels, John Reynolds and Oliver Baker, of the offense of unlawfully having in possession a moonshine or illicit still committed in manner and form as follows, to-wit: The said Charles Samuels, John Reynolds and Oliver Baker in the said county of Bullitt on the — day of Octo-

ber, 1924, and before the finding of this indictment did unlawfully and wilfully have in possession for operation an illicit or moonshine still, composed of part and parts of an outfit designated for the unlawful manufacture of spirituous, vinous, malt and intoxicating liquors. Said still was and is not registered in the office of a collecter of internal revenue for the United States, against the peace and dignity of the Commonwealth of Kentucky.''

The appellant insists that this indictment is fatally defective because it does not aver that the appellant intended to use the moonshine still mentioned in the indictment in the illicit manufacture of intoxicating liquor, and to support this contention he says that section 2554a-4 of the Kentucky Statutes, under which this indictment was drawn, is similar to sections 18 and 25 of title 2 of the National Prohibition Act, commonly known as the Volstead Act; that the United States courts in the cases of Nosowitz v. United States, 282 Fed. 575, and United States v. Horton, 282 Fed. 731, in construing these sections of the Volstead Act have held that it is indispensable to aver in an indictment for the unlawful possession of a still that the possessor intends to use it in violating the National Prohibition Act; and that, this being true, we should hold likewise with reference to an indictment under our state prohibition act. So far as pertinent sections 18 and 25 of the Volstead Act read:

> 18. ''It shall be unlawful to advertise, manufacture, sell or possess for sale, any utensil, contrivance, machine, preparation, compound, tablet, substance, formula, direction or recipe advertised, designed, or intended for use in the unlawful manufacture of intoxicating liquor.''
> 25. ''It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title, or which has been so used, and no property rights shall exist in any such liquor or property.''

Section 2554a-4, under which the indictment in the present case was drawn, so far as applicable, reads:

> ''It shall be unlawful for any person to buy, bargain, sell, loan, own, have in possession or knowingly transport, an illicit still designated for the unlawful manufacture of intoxicating liquors, or any

apparatus designed for the unlawful manufacture of spirituous, vinous, malt or intoxicating liquors.''

In this connection we should also read Kentucky Statutes, section 2554a-7: .

"An illicit still or apparatus designed for the manufacture of liquor under this act shall include an outfit or parts of an outfit, commonly used, or intended to be used, in the distillation of spirituous, vinous, or malt liquors which is not at the time of the trial duly registered in the office of a collector of internal revenue for the United States, and the burden of proving that same is so registered shall be on the defendant or defendants under charge.''

It will be noted that the Volstead Act itself requires, to constitute an illegal possession of a still, not only the possession of the still, but also when possessed an intention to use it in violating the National Prohibition Act. In the Horton case, *supra,* the court said:

"As I read the sentence, however, Congress was making it unlawful to have or possess either 'liquor' or 'property' designed for the manufacture of liquor, which liquor or property was intended to be used by the possessor in violating this title.''

Our act, however, does not couple with the denounced possession the requirement that the possessor intend to use it in the violation of any part of our state prohibition law. It makes the possession of "an illicit still designated (*sic*) for the unlawful manufacture of intoxicating liquor'' illegal, and it defines an illicit still *inter alia* as an apparatus commonly used or intended to be used, one or the other, in the distillation of spirituous liquors, which is not at the time of the trial registered in the office of the collector of internal revenue.

Testing the instant indictment, we find that it charges the appellant with unlawfully and wilfully having in his possession an illicit still, which is described as the parts of an outfit designed for the unlawful manufacture of spirituous liquors, and which, it is averred, was not registered in the office of the collector of internal revenue for the United States. The apparatus thus described comes within the definition of an illicit still as set out in section 2554a-7 of the Kentucky Statutes, *supra.* It being an illicit still as thus defined, section 2554a-4, *supra,*

makes its possession unlawful without the further requirement that the possessor intend to use it in the unlawful distillation of intoxicating liquors. Therefore, there was no need for the indictment to aver such intention. It results that the criticism of this indictment is without merit, and this beng the fundamental error complained of, and being without merit, the judgment is affirmed.