EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CONCEPCIÓN SANTIAGO Y FÉLIX FELICIANO, acusado y apelante.

No. 2800.—*Visto:* Junio 18, 1926.    *Resuelto:* Julio 15, 1926.

1. OBSTRUIR LA JUSTICIA *(Obstructing Justice)*—DE LA ACUSACIÓN O DENUNCIA—SUFICIENCIA DE LAS MISMAS—RESISTENCIA A POLICÍAS.—Denunciada una persona por resistir a un policía al tratar éste de ocupar un licor en la casa de aquél, cuando la denuncia ni describe la comisión de un delito con dicho licor ni la ejecución de una orden de allanamiento, ella no imputa el delito de resistir a un funcionario previsto en el artículo 137 del Código Penal.

2. BEBIDAS EMBRIAGANTES—DELITOS—MERA POSESIÓN DE BEBIDAS—EN CASA PAR-
    TICULAR.—La mera posesión de bebidas embriagantes en una casa particular
    sin nada más, no es un delito.

SENTENCIA de *Gabriel Castejón,* J. (Humacao), condenando a los
    acusados culpables de infracción al artículo 137 del Código Pe-
    nal. *Revocada* y absueltos los acusados.

*Adolfo García Veve,* abogado de los apelantes; *José E. Figueras,*
    abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tri-
    bunal.

La denuncia en este caso era como sigue:

"Yo, Félicot García, P. I. No. 395, vecino de Fajardo, P. R.,
calle del Río, número ____, mayor de edad formulo denuncia contra
Concepción Santiago y Félix Feliciano, por delito de Inf. al Art.
137 del C. P., cometido de la manera siguiente: Que en 30 de Nov.
1:30 P. M. de 1925, y en el sitio Maternillo de la Playa de Fajardo,
P. R., del Distrito Judicial Municipal de Fajardo, P. R., que forma
parte del distrito judicial de Humacao, P. R., los acusados arriba
mencionados, allí y entonces, maliciosa, voluntaria e ilegalmente y
en los momentos en que el denunciante en unión al Jefe de Distrito
y del guardia Tomás Díaz, trataban de ocupar un licor en la casa de
los acusados, éstos voluntariamente resistieron, demoraron y estor-
baron la acción de las autoridades allí presentes, sujetando al de-
nunciante, derribándolo al suelo, dando tiempo a que la señora de
la casa cogiera el licor y lo botara."

[1] A menos que se esté cometiendo un delito o a menos
que tenga una orden de allanamiento un policía no tiene más
derecho de entrar a una casa particular y empezar a regis-
trarla que cualquier otro ciudadano. De manera que una de-
nuncia que ni describe la comisión de un delito ni la ejecu-
ción de una orden de allanamiento, no imputa el delito de
resistir un funcionario, según lo expresa el artículo 137 del
Código Penal, que dice así:

"Toda persona que voluntariamente resistiere, demorare, o estor-
bare a cualquier funcionario público en el cumplimiento de alguna
de las obligaciones de su cargo, o al tratar de cumplirla, siempre

que no hubiere otra pena señalada, incurrirá en multa máxima de cinco mil (5,000) dollars y cárcel por un término máximo de un año.''

[2] No aparece de la denuncia que los policías estuvieran en la casa de los acusados en el cumplimiento de un deber. La mera posesión de bebidas embriagantes en una casa particular sin nada más no es un delito. *El Pueblo* v. *Muñoz* (35 D.P.R. 360).

Durante el juicio se demostró que los policías realmente poseían una orden de allanamiento, pero no encontramos que la mostraran o hicieran saber a los acusados que la poseían. De modo que aún si la denuncia hubiese sido suficiente, estamos inclinados a creer que hubiéramos estado obligados a declarar que la prueba era insuficiente.

*La sentencia debe ser revocada y absolverse los acusados.*