El Pueblo de Puerto Rico, demandante y apelado, *v.* Alejandro Ocasio, acusado y apelante.

No. 2912.—*Visto:* Noviembre 24, 1926.  *Resuelto:* Julio 12, 1927.

1. Bebidas Embriagantes—Procesos Criminales—Acusación o Denuncia—Fabricación—Posesión de Alambique en que se Fabrica Licor Embriagante.—Una denuncia que imputa al acusado el tener la posesión de un alambique en momentos en que fabricaba licor embriagante—ron—, imputa un delito bajo la Ley Nacional de Prohibición.

2. Bebidas Embriagantes—Procesos Criminales—Acusación o Denuncia—Fabricación—Posesión de Alambique en que se Fabrica Licor Embriagante.—En denuncia por tener uno un alambique en su posesión en momentos en que destilaba licor embriagante—ron—no necesita alegarse que el acusado no tenía permiso para manufacturar ésta; la cuestión relativa al permiso para manufacturar ron es una defensa que debe ser materia de alegación y prueba por parte del acusado y no por parte de El Pueblo.

3. Registros y Secuestros—Registros y Secuestros Ilegales—Actuaciones no Constitutivas de Registros y Secuestros.—Cuando el delito de fabricar licor—ron—se comete abiertamente, a la vista de cualquiera que pasa, la ocupación del aparato, utensilios y licor fabricado no constituye un registro.

4. Bebidas Embriagantes — Procesos Criminales — Sentencia y Castigo.—Cuando, alegada la reincidencia, una corte no hace pronunciamiento alguno en su sentencia en cuanto a ella y la pena impuesta es mucho menos del máximo que impone la ley, ello demuestra que la corte, al imponer dicha pena, no consideró el elemento de la reincidencia.

5. Derecho Penal—Apelación y Error, y Certiorari—Resolución y Disposición del Caso—Modificación de la Sentencia Apelada.—Cuando la sentencia declara culpable al acusado en términos generales de infringir la Ley Nacional de Prohibición y del récord se desprende claramente la ofensa cometida, debe modificarse la sentencia en el sentido de declarar al acusado culpable de dicha ofensa, y así modificada, confirmarse.

Sentencia de *Rafael López Antongiorgi, J.* (Guayama), declarando culpable al acusado del delito de Infracción a la Ley Nacional de Prohibición, con costas. *Modificada,* y así modificada, *confirmada.*

*C. Domínguez Rubio,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Alejandro Ocasio fué declarado culpable de infringir la Ley Nacional de Prohibición y la corte inferior le impuso $200 de multa.

El acusado no conforme apeló y en su alegato apunta como errores: 1, que la denuncia no contiene hechos que constituyan un delito público; 2, que en la ocupación de los efectos que describe la acusación no existe una orden de allanamiento de acuerdo con las disposiciones de la sección 25 de la Ley Nacional de Prohibición; 3, que no se expresa en la sentencia la clase de delito de los comprendidos en dicha Ley; y 4, que la reincidencia alegada en la denuncia no fué probada.

[1, 2] Se sostiene como fundamento de este error que no siendo la mera posesión de los licores embriagantes un delito público, según se ha declarado en el caso de *El Pueblo v. Muñoz*, 35 D.P.R. 360, no se alega en la denuncia "que el licor que se destilaba en el alambique no se destinaba o otros fines distintos a la mera posesión," o sea, a la venta, tráfico, etc., del mismo, siendo la prohibición de la ley que se manufacture para la venta, tráfico, etc., pero nunca para el uso propio.

La denuncia dice así:

". . . el acusado Alejandro Ocasio, allí y entonces, ilegal, maliciosa y voluntariamente tenía en su posesión y bajo su custodia como su legítimo dueño, un alambique de lata completo, para destilar ron, bebida embriagante, que le fué ocupado en momentos que lo destinaba a la fabricación de bebida embriagante 'ron' con el más del medio del uno por ciento de alcohol por volumen y se pone a la disposición de la Hon. Corte, con tres cuartillos de ron en un calabazo y un frasco de cristal, destilados en el mismo y utilizados como materia de prueba. . ."

Esto constituye un delito bajo la Ley Nacional de Prohibición y su castigo está fijado por el artículo 29 de la misma. como sigue:

"Sección 29.—Cualquier persona que fabrique o venda licor en violación de este título, por la primera infracción, será multado con no más de $1,000, o encarcelado por no más de seis meses, y por la segunda y subsiguientes infracciones, será multado con no menos de $200, ni más de $2,000. y será encarcelado por no menos de un mes, ni más de cinco años.''

Basta la lectura de la denuncia para que veamos que el caso de Muñoz, *supra,* es distinto e inaplicable.  En el presente caso la acusación consiste en haberse encontrado al acusado en posesión de un alambique en momentos en que fabricaba licor embriagante "ron." Esta alegación es suficiente.  En una acusación por violar la Ley Nacional de Prohibición no es necesario incluir que el acusado no tenía permiso para manufacturar licor embriagante ni ninguna otra clase de defensa negativa.  Sec. 32 de la Ley, Statutes at Large, 1919–1920, vol. 41, part 1, pág. 317.  Tales defensas son materia de alegación y prueba por parte del acusado.

[3] II. La prueba tendió a demostrar que Sergio Díaz Cartagena, policía insular, el 21 de abril de 1926, mientras prestaba servicios en el barrio de Guamaní, de Guayama, vió en la finca rústica del acusado un aparato (alambique) en momentos que estaba destilando "ron." Una lata estaba montada sobre tres piedras y debajo había carbón encendido.  De la lata que contenía el fermento que hervía salía una goma que es por donde salía el vapor que desprendía el fermento y de ahí pasaba a una serpentina.  Todo indicaba que si el delito se estaba cometiendo abiertamente, a la vista de cualquiera que pasara por el barrio, en realidad la ocupación del aparato, utensilios y licor fabricado no constituye un registro en ningún sentido.  El caso es análogo a los varios que en igual sentido se han resuelto por las autoridades.

En la obra de Blakemore on Prohibition, págs. 321 y 322, se hace cita de los siguientes casos:

"Para apoderarse justificadamente de propiedad sin una orden

de allanamiento debe aparecer que hubo una infracción de la ley prohibitiva en presencia del funcionario (Stanley v. State (Okl.), 200 P. 229), ya que la Cuarta Enmienda debe interpretarse en relación con la ley común y de acuerdo con ésta los funcionarios pueden arrestar a aquellos que cometan delitos en su presencia y pueden impedir, por medio del arresto un delito que se intente cometer en su presencia, y sin una orden de allanamiento pueden incautarse del instrumento con el cual se va a cometer el delito. . .

"Cuando algunos funcionarios ven al acusado recogiendo un jarro de whisky que está oculto en una maleza ellos pueden arrestar al acusado y ocupar el licor, ya que el delito se cometía en su presencia (Fletcher v. Commonwealth (Ky.), 245 S. W. 134 (segundo caso) ; y cuando los funcionarios se encuentran con el acusado en un campo abierto y en el que éste está vaciando licor de un envase y uno de estos funcionarios pregunta al acusado sobre whisky y éste le dice 'aquí está' y les enseña una lata grande conteniendo whisky, ésta evidencia es admisible a pesar de que ha sido obtenida sin una orden de allanamiento (MClintic v. United States, 283 Fed. 781), pues cuando se deja bebida intoxicante en un sitio donde una persona a una distancia razonable pueda verla claramente, no es necesaria una orden de allanamiento para ocuparla.  Royce v. Commonwealth, 194 Ky. 480, 239 S. W. 795. . .

"Los funcionarios que ven a una persona manipulando un alambique clandestino pueden arrestarla y ocupar el alambique y sus accesorios sin una orden de allanamiento (Bowling v. Commonwealth. 194 Ky. 112, 237 S. W. 381) ; . . .

"Un funcionario tenía en su poder una orden de allanamiento para registrar cierta propiedad privada en busca de bebidas embriagantes y al entrar no halló a nadie en dicha propiedad y se llevó un alambique y otros aparatos dedicados a la fabricación de licor.  El propietario solicitó de la corte su devolución y la corte resolvió que habiendo entrado el funcionario en la propiedad sin cometer delito alguno y estando allí legalmente, y viendo que en dicha propiedad se cometía un delito, el funcionario estaba enteramente justificado y era su deber ocupar los artículos que se estaban usando en la comisión del delito.  Al efectuar tal ocupación el funcionario no pudo hacerla en virtud de la orden de allanamiento, sino en cumplimiento de su deber para impedir la comisión del delito.  United States v. Camarota, 278 Fed. 388."

Véase también el caso de United States of America, vs. James M. Lee, alias James M. Leach, de la Corte Suprema de los Estados Unidos, decidido en mayo 31, 1927.

[4, 5] III. Los dos últimos errores se refieren a que la corte no estableció en la sentencia que la reincidencia alegada en la acusación había sido probada, y que la misma es nula porque no se dice en ella cuál delito de los comprendidos en la Ley Nacional de Prohibición era el que el acusado había cometido. En cuanto a la reincidencia parece claro que si la corte inferior no hizo pronunciamiento alguno en la sentencia en ese extremo, fué porque no consideró ese elemento al imponer la multa, montante a $200, que es mucho menos del máximo que fija la ley.

Es cierto, por otro lado, que la sentencia declara culpable al acusado en términos generales de infringir la Ley Nacional de Prohibición, pero desprendiéndose claramente del récord que la ofensa cometida es la prevista en la sección 3 en relación con la sección 29 de dicha Ley, debe entenderse modificada la sentencia declarando culpable al acusado de infringir dicha sección 3 que prohibe la fabricación ilegal de bebidas embriagantes, *y así modificada la sentencia apelada debe confirmarse.*

El Juez Asociado Señor Hutchison no intervino.