## UNITED STATES v. TROY.
### No. 8694.

District Court, M. D. Pennsylvania.
Feb. 22, 1934.

Andrew B. Dunsmore, of Wellsboro, Pa., for the United States.

R. L. Levy and A. M. Lucks, both of Scranton, Pa., for defendant.

WATSON, District Judge.

The defendant was indicted on June 7, 1933, for a violation of the Revenue Act of 1928 (USCA title 26, § 2146). The defendant filed a petition for a rule to show cause why the indictment should not be quashed, which rule was granted.

The third reason assigned in support of the rule to show cause is as follows:

"Third. The indictment is defective because it fails to aver that Jacob Troy was under a duty to perform the act in respect of which there was a violation charged of the Act of Congress of May 29, 1928.

"The indictment is defective in that it fails to set forth that the defendant was under a duty to perform the act in respect of which the violation occurred and in the absence of this averment the indictment fails to set forth facts showing prima facie, a commission of the crime charged in the indictment."

The definition of the offense with which the defendant is charged in the indictment is found in that part of the Revenue Act of 1928, which read as follows:

"(b) Any person required under this title to collect, account for, and pay over any tax imposed by this title, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more then five years, or both, together with the costs of prosecution. (c) The term 'person' as used in this section includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

In the indictment it is alleged, inter alia, that the defendant on March 15, 1930, did willfully and knowingly attempt to defeat and evade a large part, to wit, $4,429.08, of a tax upon the net income of the Troy Oil Company, Incorporated, for the calendar year 1929; that the defendant was the duly elected and acting president of said corporation; that the defendant, on March 15, 1930, did make under oath an income tax return for said corporation for the year 1929; that, on March 15, 1930, the defendant did file said income tax return; that said defendant did pay, and cause to be paid, by said corporation, the total tax due and payable by said corporation on said income, and no more; that the actual income of said corporation for the year, for which said return was made, was far in excess of said income return; and that the income tax due the United States of America March 15, 1930, was far in excess of the income tax so paid.

Nowhere in the indictment is it alleged that the defendant was under a duty to perform the act in respect of which the violations occurred. It cannot be said that, as the defendant was president of the corporation, he was under a duty to perform the acts which he is alleged to have performed. "Aside from his position as presiding officer of the board of directors and of the stockholders when convened in general meeting, the president of a corporation has by virtue of his office, merely, no greater power than

that of any director. Whatever authority he has must be expressly conferred on him by statute, charter, or by-law or the board of directors or be implied from express powers granted, usage or customs, or the nature of the company's business." 14a Corpus Juris, § 1858.

In an indictment every fact necessary to constitute the crime charged must be positively alleged, and nothing can be charged by implication or intendment. "It may be said this is a very technical construction, but in criminal cases, where the liberties of the defendant are involved, no intendments can be indulged in favor of an indictment; it must allege 'all the facts necessary to bring the case within the intent of the act.'" United States v. Horton (D. C.) 282 F. 731, 733.

In my opinion, it would be necessary to prove that the defendant was as a resident under a duty to perform the act which he is alleged to have performed in order to support a conviction, and such is not alleged in the indictment.

Now, February 22, 1934, the rule to show cause why the indictment should not be quashed is made absolute, and the indictment is quashed.